William A. Broscious, VSB #27436
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x202
(804) 741-6175 (Facsimile)

*Counsel for the Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re

**MICHAEL J. MANNING,**                         **Case No. 17-34903 KRH**
                                                **Chapter 7**
        **Debtor.**

## AMENDED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

Roy M. Terry, Jr., Chapter 7 Trustee (the "Trustee") of the bankruptcy

estate (the "Estate") of the debtor, Michael J. Manning (the "Debtor"), by

counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure, moves the Court to approve the compromise and settlement of

certain claims of the Trustee against David J. Behal and Samuel Manning:

### PRELIMINARY STATEMENT

The Trustee commenced Adversary Proceeding No. 18-03060-KRH by

filing a Complaint on June 13, 2018, against Theresa Manning, Samuel

Manning, Zachary M. Manning and David Behal.  The Trustee filed the

adversary proceeding to recover transfers from or on behalf of the Debtor to the

Defendants as part of a scheme to hinder, delay or defraud his creditors.  In

response to the Complaint, Mr. Behal filed a motion to dismiss for failure to

state a claim; all other defendants filed answers.  The initial pre-trial

conference has been set for August 22, 2018.

## JURISDICTION

1.     This Court has jurisdiction to consider this motion pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

## BACKGROUND

2.     This bankruptcy proceeding was commenced on September 29,

2017, when the Debtor filed a voluntary petition for relief under Chapter 7 of

the Bankruptcy Code.

3.     Roy M. Terry, Jr. was appointed interim trustee in the Case and he

continues to serve as Trustee in this Case.

## THE COMPROMISE AND SETTLEMENTS

4.     After substantial discussions and arms-length negotiations

conducted in good faith, the Trustee has reached separate agreements with

defendants Samuel Manning and David Behal; those agreements are embodied

in the Settlement Agreements attached as **Exhibits A and B,** respectively (the

"Settlement Agreements").

## MEMORANDUM OF LAW

5.     "To minimize litigation and expedite the administration of a

bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91

F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise,

the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

6.    Samuel Manning has delivered to the Trustee a check for $12,000, which is the exact amount of the transfer specifically identified in the Complaint.  Although the Trustee also alleges the possibility of other avoidable transfers, the probability of discovering and proving other such transfers is outweighed by the significant additional legal expenses in connection with the adversary proceeding if it proceeds through discovery to trial.  The settlement permits the Estate to avoid these costs and provides some certainty to the Estate.  These factors, along with Mr. Manning's willingness to resolve this matter quickly, favor approval of the Settlement Agreement attached as <u>Exhibit A</u>.

7.      Mr. Behal has agreed to pay the Trustee the sum of $16,000, which is more than half of the amount of the transfers specifically identified in the Complaint.  Although the Trustee also alleges the possibility of other avoidable transfers, the probability of discovering and proving other such transfers is outweighed by the significant additional legal expenses in connection with the adversary proceeding if it proceeds through discovery to trial.  The settlement permits the Estate to avoid these costs and provides some certainty to the Estate.  These factors, along with Mr. Behal's willingness to resolve this matter quickly, favor approval of the Settlement Agreement attached as Exhibit B.

8.      In light of the above considerations, the Court should approve the Settlement Agreements as being in the best interest of the Estate and as being fair and equitable.

## NOTICE OF MOTION

9.      Bankruptcy Rule 9019(a) provides that a Court may approve a compromise or settlement "after notice and a hearing." Bankruptcy Rule 2002(a)(3) provides a twenty-one (21) days-notice by mail of the hearing to approve a compromise or settlement of a controversy, unless the Court approves a shortening of the notice period.  A separate notice of this Motion and the hearing hereon shall be filed and served in accord with Bankruptcy Rule 2002.

## WAIVER OF MEMORANDUM OF LAW

10.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there

are no novel issues of law presented in the Motion and all applicable authority is set forth herein, the Trustee respectfully requests that the Court waive the requirement that all motions be accompanied by a separate written memorandum of law.

### **REQUESTED RELIEF**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreements, and granting such other and further relief as the Court deems appropriate.

Dated:  Richmond, Virginia

September 10, 2018                    **ROY M. TERRY, JR., TRUSTEE**


By: /s/ *Kimberly A. Taylor*
            Counsel

Kimberly Ann Taylor, VSB #29823
William A. Broscious, VSB #27436
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23233
Phone:  (757) 636-9826
Fax:  (804) 741-6175
ktaylor@kbbplc.com

*Counsel for the Trustee*

**LOCAL BANKRUPTCY RULE 2002-1 CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all parties who have entered an appearance in this matter.  I further certify that a true copy of the foregoing was sent by U.S. Mail to the debtor at the address below and all other parties on the mailing matrix attached hereto:

> Michael J. Manning
> 14468 Pinehurst Lane
> Ashland, VA 23005

> */s/ Kimberly A. Taylor*
> _____

**Service List**

*Office of the U.S. Trustee:*    Robert B. Van Arsdale, Esq.
Shannon Pecoraro, Esq.
OFFICE OF THE U. S. TRUSTEE
701 East Broad Street - Suite 4304
Richmond, Virginia 23219

*Counsel for the Debtor:*    Robert A. Canfield, Esq.
Canfield, Baer, & Heller, LLP
4124 E. Parham Rd.
Richmond, VA 23230

*Counsel for Mr. Behal:*    Timothy V. Anderson, Esq.
Anderson & Associates PC
2492 N. Landing Rd 104
Virginia Beach VA 23456

*Counsel for S. Manning:*    W. R. Baldwin, III, Esq.
*and T. Manning*    Meyer, Baldwin, Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226

*Counsel for Z. Manning*:    Kevin J. Funk, Esq.
Durrette, Arkema, Gerson & Gill
1111 E. Main Street, 16th Fl.
Richmond, VA 23219

# EXHIBIT A

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is entered into as of the date of the last signature below (the "Effective Date"), by and between Roy M. Terry, Jr., bankruptcy trustee for the bankruptcy estate of Michael J. Manning, and Samuel Manning.

**WHEREAS** Roy M. Terry, Jr. (the "Trustee") is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Michael J. Manning (the "Debtor") in Bankruptcy Case No. 17-34903-KRH, which is currently pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), and

**WHEREAS**, on or about February 2, 2016, the Debtor transferred title to a 2012 Duckwater boat (the "Boat") to Samuel Manning ("Mr. Manning"), the Debtor's father (the "Transfer"), and

**WHEREAS**, the Trustee has filed an Adversary Proceeding in the Bankruptcy Court captioned Roy M. Terry, Jr., Trustee v. Theresa Manning, *et al.* Adv. Pro. No. 18-03014-KRH (the "Adversary Proceeding") against Mr. Manning and others seeking to avoid certain allegedly fraudulent conveyances, including the Transfer; and

**WHEREAS**, the parties wish to resolve and settle all disputes between them with respect to the Adversary Proceeding, the Transfer and the Boat, as provided herein.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual undertakings of the parties as set forth herein, the parties agree as follows:

1.   **PAYMENT**.  Mr. Manning shall pay the sum of Twelve Thousand and no/100 Dollars ($12,000.00) (the "Settlement Payment") in immediately available funds or attorney trust account check to the Trustee on or before October 15, 2018.  The Settlement Payment shall be made by check payable to Roy M. Terry, Jr., Trustee for the estate of Michael Manning and delivered to Kimberly Taylor, Kepley Broscious & Biggs, PLC, 2211 Pump Road, Richmond, VA 23233.

2.   **CONDITIONS PRECEDENT TO SETTLEMENT.** The Agreement will become effective upon occurrence of the following conditions (the "Effectiveness Conditions"): (a) the Parties each execute the Agreement; (b) the Settlement Payment is received by the Trustee pursuant to the terms of Paragraph 1 above; and (c) there are no receivership or bankruptcy proceedings (voluntary or involuntary) under any of the chapters of Title 11 of the United States Code pending against Mr. Manning during the time period that commences on the date the Trustee receives the Settlement Payment until, through and including

the date that is the ninety day from his receipt of the Settlement Payment (the "Preference Period").

3. **DISMISSAL OF THE ADVERSARY PROCEEDING**. Upon the occurrence of the Effectiveness Conditions, the Trustee shall consent to the entry of a final order dismissing the Adversary Proceeding, with prejudice. The Adversary Proceeding shall be stayed against Mr. Manning during the Preference Period.

4. **RELEASE AND WAIVER OF FURTHER CLAIMS**. Upon the occurrence of the Effectiveness Conditions, the Trustee shall forever release and discharge all claims against Mr. Manning arising from or related to the Adversary Proceeding, the Transfer and/or the Boat.

5. **BANKRUPTCY COURT APPROVAL**. This Agreement and all terms and conditions of this Agreement are contingent upon the approval of the Bankruptcy Court.

6. **RECITALS**. To the extent necessary, the recitals to this Agreement and the definitions found therein are hereby incorporated by reference.

7. **GOVERNING LAW**. The laws of the Commonwealth of Virginia shall govern this Agreement and all terms and conditions of this Agreement.

8. **JURISDICTION**. The parties consent to the personal jurisdiction of the Commonwealth of Virginia and agree that exclusive venue for any actions arising out of the Agreement shall lie in the Bankruptcy Court.

9. **INTEGRATION**. This Agreement contains the entire agreement between the parties in relation to matters described herein, and no inducements or promises other than as expressly set forth herein have been given or received in return for it. All negotiations leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

10. **AMENDMENTS**. The parties may amend this Agreement only in a writing, signed by all of the parties and approved by the Bankruptcy Court.

11. **NO ADMISSION OF LIABILITY**. This Agreement is entered as an expedient and cost-effective alternative to costly litigation and is entered without admission of liability and/or legal obligation by the parties hereto, all of which liability and legal obligation is expressly denied.

12. **WAIVER**. No rights under this Agreement may be effectively waived, except as waived herein, or as waived in a separate writing signed by the beneficiary of the right to be waived.

2

13.    **BINDING UPON SUCCESSORS AND ASSIGNS**.  This Agreement is binding upon the heirs, successors and assigns of the parties, and inures to the benefit of the heirs, successors, and assigns of the parties.

14.    **ATTORNEY'S FEES AND COSTS**.  In the event of a breach of any of the provisions contained in this Agreement, the non-breaching party shall be entitled to recover its reasonable attorney's fees and all costs incurred because of such breach from the breaching party.

15.    **EFFECTIVE DATE**.  This Agreement shall become effective upon the parties' complete execution of this Agreement.

16.    **COUNTERPARTS**.  This Agreement may be executed in two copies, each of which shall be deemed an original.

**IN WITNESS WHEREOF**, the parties have set their hands and seals as of the date written below.

**SAMUEL MANNING**

Date: 8-23-18

**ROY M. TERRY, JR., Trustee for the bankruptcy estate of Michael Manning**

Date:

3

# EXHIBIT B

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is entered into as of the date of the last signature below (the "Effective Date"), by and between Roy M. Terry, Jr., bankruptcy trustee for the bankruptcy estate of Michael J. Manning, and David Behal.

**WHEREAS** Roy M. Terry, Jr. (the "Trustee") is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Michael J. Manning (the "Debtor") in Bankruptcy Case No. 17-34903-KRH, which is currently pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), and

**WHEREAS**, David Behal ("Mr. Behal") is the recipient of certain of the Debtor's assets that were transferred to him by or on behalf of the Debtor (the "Transfers"), and

**WHEREAS**, the Trustee has filed an Adversary Proceeding in the Bankruptcy Court captioned Roy M. Terry, Jr., Trustee v. Theresa Manning, *et al.* Adv. Pro. No. 18-03014-KRH (the "Adversary Proceeding") against Mr. Behal and others seeking to avoid certain allegedly fraudulent conveyances, including the Transfers; and

**WHEREAS**, the parties wish to resolve and settle all disputes between them with respect to the Adversary Proceeding and the Transfers, as provided herein.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual undertakings of the parties as set forth herein, the parties agree as follows:

1.    **PAYMENT.** Mr. Behal shall pay the sum of Sixteen Thousand and no/100 Dollars ($16,000.00) (the "Settlement Payment") in immediately available funds to the Trustee on or before October 15, 2018. The Settlement Payment shall be made by check payable to Roy M. Terry, Jr., Trustee for the estate of Michael Manning and delivered to Kimberly Taylor, Kepley Broscious & Biggs, PLC, 2211 Pump Road, Richmond, VA 23233.

2.    **CONDITIONS PRECEDENT TO SETTLEMENT.** The Agreement will become effective upon occurrence of the following conditions (the "Effectiveness Conditions"): (a) the Parties each execute the Agreement; (b) the Settlement Payment is received by the Trustee pursuant to the terms of Paragraph 1 above; (c) there are no receivership or bankruptcy proceedings (voluntary or involuntary) under any of the chapters of Title 11 of the United States Code pending against Mr. Behal during the time period that commences on the date the Trustee receives the Settlement Payment until, through and including the date that is the ninety day from his receipt of the Settlement Payment (the

"<u>Preference Period</u>"); and (d) Mr. Behal delivers to the Trustee an affidavit substantially in the form as <u>Exhibit A</u>.

3.     **DISMISSAL OF THE ADVERSARY PROCEEDING.**  Upon the occurrence of the Effectiveness Conditions, the Trustee shall consent to the entry of a final order dismissing the Adversary Proceeding, with prejudice.  The Adversary Proceeding shall be stayed against Mr. Behal during the Preference Period.

4.     **DUTY TO COOPERATE.**  Mr. Behal shall cooperate, reasonably and in good faith, with the Trustee to support his prosecution of claims in the Adversary Proceeding against non-settling defendants.  Such cooperation shall include, but not be limited to, giving deposition and trial testimony, executing declarations, appearing for interviews and producing and authenticating documents.

5.     **RELEASE AND WAIVER OF FURTHER CLAIMS.**  Upon the occurrence of the Effectiveness Conditions, the Trustee shall forever release and discharge all claims against Mr. Behal arising from or related to the Adversary Proceeding and/or the Transfers.

6.     **BANKRUPTCY COURT APPROVAL.**  This Agreement and all terms and conditions of this Agreement are contingent upon the approval of the Bankruptcy Court.

7.     **RECITALS.**  To the extent necessary, the recitals to this Agreement and the definitions found therein are hereby incorporated by reference.

8.     **GOVERNING LAW.**  The laws of the Commonwealth of Virginia shall govern this Agreement and all terms and conditions of this Agreement.

9.     **JURISDICTION.**  The parties consent to the personal jurisdiction of the Commonwealth of Virginia and agree that exclusive venue for any actions arising out of the Agreement shall lie in the Bankruptcy Court.

10.     **INTEGRATION.**  This Agreement contains the entire agreement between the parties in relation to matters described herein, and no inducements or promises other than as expressly set forth herein have been given or received in return for it.  All negotiations leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

11.     **AMENDMENTS.**  The parties may amend this Agreement only in a writing, signed by all of the parties and approved by the Bankruptcy Court.

12.     **NO ADMISSION OF LIABILITY.**  This Agreement is entered as an expedient and cost-effective alternative to costly litigation and is entered

without admission of liability and/or legal obligation by the parties hereto, all of which liability and legal obligation is expressly denied.

13.    **WAIVER**.  No rights under this Agreement may be effectively waived, except as waived herein, or as waived in a separate writing signed by the beneficiary of the right to be waived.

14.    **BINDING UPON SUCCESSORS AND ASSIGNS**.  This Agreement is binding upon the heirs, successors and assigns of the parties, and inures to the benefit of the heirs, successors, and assigns of the parties.

15.    **ATTORNEY'S FEES AND COSTS**.  In the event of a breach of any of the provisions contained in this Agreement, the non-breaching party shall be entitled to recover its reasonable attorney's fees and all costs incurred because of such breach from the breaching party.

16.    **EFFECTIVE DATE**.  This Agreement shall become effective upon the parties' complete execution of this Agreement.

17.    **COUNTERPARTS**.  This Agreement may be executed in two copies, each of which shall be deemed an original.

**IN WITNESS WHEREOF**, the parties have set their hands and seals as of the date written below.

**DAVID BEHAL**

8/15/18
Date:

**ROY M. TERRY, JR., Trustee for the bankruptcy estate of Michael Manning**

8/28/18
Date:

3